828 So.2d 847 (2002)
Tony McGEE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01360-COA.
Court of Appeals of Mississippi.
October 15, 2002.
*848 Lesa Harrison Baker, Bogue Chitto, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, THOMAS and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Tony McGee was convicted of manslaughter in the Circuit Court of Lincoln County, Mississippi. McGee was sentenced to a term of twenty years with the last five years suspended sentence to be served concurrently with a prior drug related offense for which he was already in the custody of the Mississippi Department of Corrections. Feeling aggrieved by the conviction against him, McGee perfected this appeal and alleges two assignments of error. Firstly, McGee argues that the trial court erred in denying his motion for a continuance. He also argues that the trial court erred in denying his motion for judgment notwithstanding the verdict or, in the alternative, a new trial.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On June 30, 1998, McGee and the victim, Michael Smith, were involved in an argument allegedly concerning a female acquaintance of the two men. The two ended the argument and each left with a companion. McGee and Smith met again later that day at a Mini Mart in Brookhaven, Mississippi. Smith arrived at the Mini Mart with a friend, Johnny Patterson. Patterson testified that he and Smith went to the Mini Mart to purchase beer. Patterson stated that he went into the store and purchased the beer. When he came out of the store to return to the car, he saw that McGee and several others were gathered around Smith and the car. McGee and Smith were again involved in an argument. Smith removed his hat and jewelry in preparation for a fight with McGee. He placed those items on the front seat of the car. Patterson testified that at that time he saw McGee raise his shirt and draw a pistol from the waistband of his pants. Smith yelled at Patterson to run. Patterson stated that as he ran into the store he heard several shots fired. Ms. Bertha Tanner, the cashier in the Mini Mart, called the police when she saw McGee pull out his pistol and fire at Smith.
¶ 4. Detective Nolan Jones and Officers Arluster Henderson and Scott Brister responded to the crime scene. Detective Jones testified that he found a Smith and Wesson pistol near McGee. This gun was later identified as the weapon that killed Smith. McGee was arrested and later convicted of manslaughter.

LAW AND ANALYSIS
I. DID THE TRIAL COURT ERR IN DENYING McGEE'S MOTION FOR A CONTINUANCE?
¶ 5. On the morning of trial, McGee made an oral motion for a continuance because of an absent witness and he was unprepared to go to trial. This motion was denied by the trial court on both grounds. It is from this denial that McGee appeals. He maintains that because the missing witness was present at the crime *849 scene, he was material to McGee's defense. McGee also argues that because he wanted a new investigation of his case and had refused to cooperate with his court-appointed attorney, he was unprepared to go to trial.
A. Absent Witness
¶ 6. The decision to grant or deny a continuance is left to the sound discretion of the trial court, and a reviewing court will not reverse for the denial of a continuance unless it appears that manifest injustice resulted from the denial. Stidham v. State, 750 So.2d 1238, 1242 (¶ 14) (Miss.1999). Mississippi Code Annotated section 99-15-29 (Rev.2000) sets forth the procedure necessary for obtaining a continuance as follows:
On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts, the name and residence of the absent witness, that he has used due diligence to procure the absent documents, or presence of the absent witness, as the case may be, stating in what such diligence consists, and that the continuance is not sought for delay only, but that justice may be done.
Miss.Code Ann. § 99-15-29 (Rev.2000). The trial court refused McGee's motion because he failed to comply with this statute.
¶ 7. The witness sought by McGee was Eddie Wall. McGee and the State filed a subpoena to have Wall appear in court. However, confusion arose because Eddie Wall has a brother by the name of Edward Wall. Because the brothers had such similar names and the same address, Edward Wall, who at the time was incarcerated in Parchman State Penitentiary, was transferred to testify at McGee's trial. On the evening before trial, McGee's attorney realized the wrong person had been obtained. As stated above, because McGee did not follow the proper procedure for obtaining a continuance, the judge refused to grant one. He did, however, state that the Lincoln County Sheriff's Department would be placed at McGee's disposal in locating Wall and another subpoena would be issued for Wall if an address could be found. It came to light that Eddie Wall was unavailable since he had fled the state due to multiple indictments which had been issued for his arrest. Based on these circumstances, there was no indication that he would be available to testify at any time in the foreseeable future. See Buckley v. State, 772 So.2d 1059 (¶ 6) (Miss.2000).
¶ 8. Based on McGee's failure to comply with controlling statutes and the factual circumstances surrounding the issue, we cannot say that the trial judge abused his discretion in refusing to grant the continuance. We cannot be sure of the content of what Eddie Wall's testimony may have been because he refused to give a complete statement to the officers investigating the case. However, even without a statement or his testimony, manifest injustice did not result. McGee produced four witnesses at trial and testified himself as to the events of the day. Three of those witnesses were present when Michael Smith was shot and observed the course of events. The State also produced two other persons who witnessed the shooting. As such, this issue is without merit.
B. The Defendant Was Unprepared for Trial
¶ 9. McGee also argues that his motion for a continuance should have been granted because he was unprepared to go to trial. He maintains that because he refused to cooperate with his court-appointed attorney in the hopes that a more *850 experienced attorney would be appointed to him, he was not prepared for trial. McGee stated that he did not give his attorney the names of witnesses until the evening before trial. He further argued that because of the severity of the charges, he felt that the judge should order the Lincoln County Sheriff's Department to complete a new investigation of his case.
¶ 10. "The necessary time for the accused and his counsel to prepare for trial must necessarily be left largely to the sound discretion of the trial judge, bearing in mind the facts and circumstances of the particular case." Wiley v. State, 582 So.2d 1008, 1012 (Miss.1991). Clearly, the judge did not commit an abuse of discretion in refusing to grant McGee a continuance on the facts recited above. McGee's attorney had more than one month to prepare for trial. She subpoenaed witnesses and took discovery of the matter. If McGee chose not to cooperate fully, it was no fault of the court. We refuse to hold the court in error because McGee refused to cooperate with the attorneys in the Lincoln County Public Defender's Office in preparing for his trial. This assignment of error is without merit.
II. DID THE TRIAL COURT ERR IN REFUSING TO GRANT McGEE'S MOTION FOR JUDGMENT NOT WITHSTANDING THE VERDICT OR IN THE ALTERNATIVE, FOR NEW TRIAL?
¶ 11. On appeal, McGee argues that the trial court erred in refusing his motion for judgment notwithstanding the verdict because the evidence presented at trial was legally insufficient to support a verdict of manslaughter. McGee maintains that the evidence presented by his witnesses clearly supported his self-defense claim to the extent that no reasonable juror could have found him guilty of manslaughter.
¶ 12. Whether the evidence is legally sufficient is an argument that is raised by a motion for a directed verdict or a JNOV. McClain v. State, 625 So.2d 774, 781 (Miss.1993). In deciding whether the prosecution has presented sufficient evidence to sustain the verdict, the court should accept as true all credible evidence consistent with the defendant's guilt and the State must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id. A reviewing court should only reverse where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 812 (Miss.1987).
¶ 13. The crux of McGee's argument focuses on the issue of credibility. He maintains that because his witnesses testified that Smith was armed at the time of the altercation, the jury should have found him not guilty. This testimony was in direct contravention to that presented by the State's witnesses. Both sides presented witnesses who were present at the time Smith was shot. All of the witnesses described their remembrance of the events and the actions taken by Smith and McGee. The State also presented the testimony of the police officers who responded to the crime scene and conducted the investigation into Smith's death. The fact that the jury chose to believe the State's witnesses over McGee's is not a matter that this Court can review. An appellate court need not concern itself with issues of credibility. Jackson v. State, 614 So.2d 965, 972 (Miss.1993). It is for the jurors to resolve conflicts in testimony. Id. They may accept or reject any utterances they hear based upon hearing and observing the witnesses as they testify. Id. The reviewing court cannot and need not determine which witness or testimony the jury *851 believed or disbelieved; it is enough that the conflicting evidence presented a factual dispute for jury resolution. Id. "The jury is the sole judge of credibility of witnesses and the jury's decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict." Billiot v. State, 454 So.2d 445, 463 (Miss.1984).
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS WITH FIFTEEN YEARS TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS OF POST-RELEASE SUPERVISION, FINE OF $1,000 AND RESTITUTION FOR FUNERAL EXPENSES IS AFFIRMED. SENTENCE TO RUN CONCURRENTLY WITH PREVIOUSLY IMPOSED SENTENCE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.