867 So.2d 276 (2004)
Robert Nelson SMITH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01477-COA.
Court of Appeals of Mississippi.
March 9, 2004.
Robert H. Koon, Gulfport, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
KING, P.J., for the Court.
¶ 1. Robert Nelson Smith was convicted by the Circuit Court of Harrison County of the unlawful touching of a child for lustful purposes. He was sentenced to serve a term of seven years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction, Smith raises the following issue on appeal, which we quote verbatim:
The Court erred in not granting defendant's motion for directed verdict, motion for a new trial or in the alternative jnov. The evidence was insufficient to convict the defendant of touching of a child under the age of sixteen for lustful purposes. The evidence was against the overwhelming weight of the credible.

*277 FACTS
¶ 2. On August 25, 2000, Tina,[1] who was nine years old at the time, went to the home of her friend, Lisa,[2] age eleven at the time, in Gulfport. At approximately 7:30 p.m. that evening, Tina and Lisa walked to a nearby store with Smith who lived with Lisa and her mother.
¶ 3. When the three arrived at the store, Smith purchased some beer. According to Lisa, she left Tina and Smith at the store and went back home. Tina stated that, while at the store she asked Smith for a cold drink. According to Tina, they went behind the store, where Smith made her drink beer. She indicated that Smith kissed her on the lips and touched her breasts. Smith asked Tina if it felt good and told her, "Don't tell nobody."
¶ 4. Tina cried, left Smith, and went inside the store and talked with Regina Shaheed, a cashier at the store with whom she was familiar. Tina told Shaheed that Smith made her drink beer, kissed her, and touched her breasts.
¶ 5. Ms. Shaheed testified that Tina held her breasts as she described where Smith touched her. When Shaheed confronted Smith regarding the allegations, he denied having made Tina drink beer. Shaheed then took Tina back to Lisa's house.
¶ 6. Tina's mother testified that when she picked up her daughter from Lisa's house, Tina was visibly upset and stated that Smith had touched her breasts.
¶ 7. Officer Mickey Wallis of the Gulfport Police Department testified that Tina and her mother came into the station and filed a report which stated that Smith made her drink beer, kissed her, and touched her breasts.
¶ 8. At trial, Smith testified that Tina and Lisa went to the store with him, he purchased some beer, and Tina asked him for his change. Smith indicated that after he gave it to her, he went outside, sat down, and began to drink his beer. Smith testified that he touched Tina, but that it was not in a sexual way. He indicated that he touched her because she had been through a serious operation and had a pacemaker.
¶ 9. Tina's mother testified that Tina had a heart transplant when she was two and a half years old and that she had never had a pacemaker.
¶ 10. At the conclusion of the State's case, Smith moved for a directed verdict which was denied. The jury found Smith guilty of touching a child for lustful purposes. Smith then made a motion for a judgment notwithstanding the verdict, which was denied.

ISSUES AND ANALYSIS

I.

Whether the evidence was sufficient to support a verdict of guilty.
¶ 11. Smith claims that the State did not prove that he was guilty beyond a reasonable doubt. While Smith admits that he touched Tina, he claims that it was not sexual.
¶ 12. When challenging the sufficiency of the evidence, this Court adheres to the following standard:
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The *278 credible evidence consistent with Smith's guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Grihim v. State, 760 So.2d 865(¶ 6) (Miss. Ct.App.2000) (citations omitted).
¶ 13. Smith was charged with the unlawful touching of a child for lustful purposes, pursuant to Mississippi Code Annotated Section 97-5-23(1) (Rev.2000).[3] The State was required to prove the following elements: (1) that Smith was above the age of eighteen when the act occurred, (2) that he touched Tina for the purpose of gratifying his lust or depraved licentious sexual desire by either handling, touching, or rubbing Tina with his hands or any part of his body or member, and (3) that Tina was under the age of sixteen when the alleged incident occurred.
¶ 14. The first element was established through the testimony of Officer Rosario Ing of the Gulfport Police Department, who testified that Smith's date of birth was April 23, 1957, which meant that he was forty-three at the time of the alleged incident. The second element required that the State prove that Smith touched Tina to gratify his lust or depraved licentious sexual desires by either handling, touching, or rubbing Tina with his hands or any part of his body or member. The record reflects that Tina testified that Smith touched her breasts, asked her if it felt good, and told her not to tell anyone. Smith acknowledged having touched Tina but denied any lustful intent. This presented a clear issue of disputed fact to be resolved by the jury. Evans v. State, 159 Miss. 561, 566, 132 So. 563, 564 (1931). If the jury believed Tina, then the second element was established.
¶ 15. The third element that Tina was under the age of sixteen at the time of the alleged touching was established by her testimony. At the trial in August of 2002, Tina stated that she was eleven years old. She asserted that the incident occurred in August of 2000; therefore, she was under the age of sixteen at that time.
¶ 16. This Court must accept the evidence in the light most favorable to the verdict and in doing so determines that there was sufficient evidence presented through the testimony of the witnesses to support the State's case and allow the jury to decide if Smith was guilty of the touching of a child for lustful purposes. This issue lacks merit.

II.

Whether the trial court erred in denying Smith's motion for a new trial.
¶ 17. Smith contends that the trial court erred by denying his motion for a *279 new trial because the verdict of the jury was against the overwhelming weight of the evidence.
¶ 18. The Court's standard of review for claims that a judgment is against the overwhelming weight of the evidence is as follows:
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Jackson v. State, 815 So.2d 1196(¶ 15) (Miss.2002) (citation omitted).
¶ 19. The State presented evidence through the testimony of witnesses that Smith kissed Tina on her lips, touched her breasts, asked her if it felt good, and told her not to tell anyone. Smith claims that this is not what happened. Factual disputes are properly resolved by the jury and do not mandate a new trial. Temple v. State, 498 So.2d 379, 382 (Miss.1986). The jury is the sole judge of the credibility of witnesses, and the jury's decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict. Lloyd v. State, 755 So.2d 12(¶ 11) (Miss.Ct.App. 1999). Therefore, there was no abuse of discretion in the denial of a new trial and this issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF TOUCHING OF A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Due to the nature of the offense, the victim's real name is not being used for purposes of this opinion.
[2] Due to the nature of the offense, the real name of the victim's friend is not being used for purposes of this opinion either.
[3] Mississippi Code Annotated Section 97-5-23(1) (Rev.2000) provides: (1) Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, or a mentally defective, mentally incapacitated or physically helpless person as defined in Section 97-3-97, shall be guilty of a felony and, upon conviction thereof, shall be fined in a sum not less than One Thousand Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00), or be committed to the custody of the State Department of Corrections not less than two (2) years nor more than fifteen (15) years, or be punished by both such fine and imprisonment, at the discretion of the court.