990 So.2d 247 (2008)
Jeffrey Allen RICHARDSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-00767-COA.
Court of Appeals of Mississippi.
April 22, 2008.
Rehearing Denied September 16, 2008.
*248 David L. Walker, Attorney for Appellant.
Office of the Attorney General by Stephanie Breland Wood, Attorney for Appellee.
Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Jeffrey Allen Richardson appeals his conviction of fondling and his sentence of five years in the custody of the Mississippi Department of Corrections and ten years post-release supervision. Richardson asks whether the trial court erred in granting the State's motion to close the courtroom to the public during the testimony of the victim, S.W.,[1] an eleven-year-old child. Richardson also asks whether the trial court erred in denying his motion for a *249 new trial or, in the alternative, his motion for judgment notwithstanding the verdict.

FACTS AND PROCEDURAL HISTORY
¶ 2. On August 18, 2006, S.W., a ten-year-old child, was awoken early in the morning to a strange popping noise in her bedroom. S.W. testified that she lay awake in her bed for the next few minutes, the popping noise stopped, and then she felt something touching her or poking her in her panties, or her "personal area." S.W. flew up, turned around, and saw someone run out of her room into the nearby bathroom. Then she heard the same person exit the bathroom, sit in the computer chair, and turn on the computer. S.W. testified that she then went in her mother's bedroom and told her what had occurred. S.W.'s mother, T.M., confirmed this in her subsequent testimony before the trial court. S.W. testified that Richardson then left for work a few minutes later, entering her mother's bedroom to say goodbye. T.M. testified that she and her daughter lived with Richardson, her boyfriend, at the time of the incident. T.M. also testified that the only persons in the home on August 18, 2006, were herself, S.W., Richardson, and Richardson's son.
¶ 3. Richardson, in his defense, testified that when he awoke on the morning of August 18, 2006, he was going to the restroom, but he heard S.W. moving around in her bed and wanted to determine if anything was wrong. Richardson testified that he walked into her room, called her name, then touched her thigh and buttocks to try and wake her up. Richardson testified that he got no response from S.W., so he went to the restroom, checked on her again, and then went to play games on the computer before going to work.
¶ 4. Both of S.W.'s parents later notified the police of the allegations against Richardson. Detective Jeff Logan of the Southaven Police Department began investigating the allegations. Detective Logan interviewed S.W. on August 22, 2006, regarding the incident. Detective Logan also interviewed Richardson and had Richardson write and sign a statement regarding the incident on August 25, 2006. A second, slightly different statement was later prepared by Detective Logan and signed by Richardson on that same date. Richardson was later indicted by a grand jury for the fondling of S.W., on August 18, 2006, in violation of Mississippi Code Annotated section 97-5-23 (Rev.2006).
¶ 5. At the beginning of trial, the State made a motion to clear the courtroom of all nonessential personnel for the State's first witness, the eleven-year-old victim, S.W. The State asked that the courtroom be cleared because of the age of the child and the sexual nature of the charges, fondling. Richardson argued that, pursuant to the Mississippi constitution of 1890, the trial court was limited to excluding the public from the courtroom in cases involving rape, which does not include fondling of a child. The State countered that while the case before the trial court was not a rape case, it was very similar in nature to a rape case. The State argued that Richardson would not be prejudiced, that he would still be present when S.W. testified, and that the motion pertained to only one witness, S.W.
¶ 6. The trial court granted the State's motion, noting on the record there were only four people who would be excluded from the room during S.W.'s testimony. Richardson alleges this was an error by the trial court.
¶ 7. At the close of the State's case-in-chief, Richardson moved for a directed verdict of acquittal, stating that the State had failed to prove beyond a reasonable doubt that Richardson touched the minor *250 child for the purpose of gratifying his lust or indulging his depraved heart in accordance with the statute. Richardson subsequently filed a motion for a new trial or, in the alternative, a motion for judgment notwithstanding the verdict. The trial court denied both motions. Richardson was convicted of fondling and sentenced to serve five years in the custody of the Mississippi Department of Corrections and ten years post-release supervision. It is from this conviction he now appeals.

STANDARD OF REVIEW
¶ 8. An appellate court will only overturn a trial court's denial of a post-trial motion if there is an abuse of discretion. Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005) (citing Howell v. State, 860 So.2d 704, 764 (¶ 212) (Miss.2003)). A motion for a judgment notwithstanding the verdict challenges the sufficiency of the evidence while a motion for a new trial challenges the weight of the evidence. Dilworth, 909 So.2d at 736-37 (¶¶ 17-20).

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED IN CLOSING THE COURTROOM DURING THE TESTIMONY OF THE CHILD VICTIM.
¶ 9. Richardson contends that the trial court erred in allowing the courtroom to be closed to the public during the testimony of S.W., the eleven-year-old victim. The State, however, argues that the trial court did not abuse its discretion in closing the courtroom during the testimony of the victim.
¶ 10. This Court does recognize that generally a defendant has a right to a public trial under Article 3, Section 26 of the Mississippi Constitution of 1890, but it is also cognizant that the same article grants a trial judge discretion to close the courtroom in certain cases where appropriate. Tillman v. State, 947 So.2d 993, 996(¶ 10) (Miss.Ct.App.2006). In fact, in certain cases, "public exclusion may be appropriate `to the extent necessary to avoid [embarrassment] or emotional disturbance to a witness which might result from that witness giving testimony in a particular case.'" Bailey v. State, 729 So.2d 1255, 1261(¶ 32) (Miss.1999) (quoting Lee v. State, 529 So.2d 181, 183 (Miss. 1988)) (holding that while the case did not involve sexual abuse, it did require a five-year-old child to relate potentially embarrassing facts on the witness stand regarding physical abuse, such that it necessitated closing the trial to the public).
¶ 11. The United States Supreme Court, in Waller v. Georgia, 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), has developed a test to help ascertain whether other considerations outweigh a defendant's right to have a public trial, stating:
the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.
Id. The Waller test was subsequently adopted by the Mississippi Supreme Court in Gannett River States Publishing Co. v. Hand, 571 So.2d 941, 945 (Miss.1990).
¶ 12. Richardson argues that the mandates of the Mississippi constitution of 1890 should be strictly construed, and crimes not expressly listed in the Mississippi constitution cannot serve as the basis for a trial court's decision to close the courtroom to the public. Richardson argues that since the Mississippi constitution *251 does not specifically provide for a courtroom to be closed to the public for fondling cases, the trial court erred in closing the courtroom for S.W.'s testimony. Richardson contends that there were no close family connections between Richardson and S.W. Richardson also points out that there was no evidence presented that S.W. had been to a psychologist for treatment regarding the incident. Further, Richardson alleges that there was no proof that S.W. would suffer any emotional disturbance by testifying with the public present. Richardson asserts the trial court erred because it considered no reasonable alternatives, like allowing those who supported Richardson to remain in the courtroom, while closing the trial to everyone else. Richardson argues that it was an abuse of discretion for the trial court to close the trial to the public for S.W.'s testimony.
¶ 13. The State countered that the trial court did not abuse its discretion in closing the courtroom for S.W.'s testimony, stating that under Tillman, 947 So.2d at 995(¶ 7), the trial court properly balanced the rights of Richardson against "other interests essential to the administration of justice." The State contends that the overriding interest it sought to protect was that of children living in Mississippi. The State argues that the trial court correctly stated that in light of the tender age of the child, ten at the time of the incident, and eleven at the time of her testimony, and in light of the fact that the case was sexual in nature, that closing the courtroom would be appropriate during the child's testimony. The State points out that the trial court correctly noted that the testimony was regarding Richardson, who lived in the home with S.W. and her mother, was of a very sensitive and embarrassing subject. The State argues the closure was no broader than necessary to protect S.W. since it was limited to her testimony alone. The State further asserts that the trial court noted only four people were required to leave the courtroom as a result. The State argues that the trial court did determine there was no other more reasonable alternative, and the trial court made sufficient findings to order the courtroom closed.
¶ 14. The trial court closed the courtroom to the public only during the testimony of S.W. Richardson and his counsel remained in the courtroom during that testimony. The trial court noted that only four people were required to exit the courtroom during this testimony, and the courtroom was again opened once S.W.'s testimony was complete. Thus, we find that the limitation was no broader than necessary to protect S.W. during her testimony. Additionally, with regard to whether the court considered reasonable alternatives, we find that the trial court did all it could to protect the rights of both S.W. and Richardson. The trial court allowed Richardson to face his accuser during S.W.'s testimony. Only nonessential personnel were excluded for the duration of S.W.'s testimony. The trial court noted that the only other alternative would have been to not close the hearing at all. Finally, the trial court accepted the State's argument that the child is of a tender age, and the State of Mississippi has a great interest in protecting children living in this state. The State argued that while the case did not involve rape, it did involve a charge of a sexual nature, which could be embarrassing and exceedingly uncomfortable to discuss, especially for a young child. Additionally, one can infer that this would be emotionally and mentally upsetting for any child to relate on a witness stand, in front of the accused. The State pointed out that S.W. was testifying about an inappropriate and lustful touching that occurred when she was only ten years of age. The trial court noted that the accused, Richardson, was the live-in boyfriend of *252 S.W.'s mother, and this incident occurred while S.W. lived in the home that her mother and Richardson shared. Further, the trial court noted that Richardson was still, in fact, seeing S.W.'s mother at the time of trial, and S.W. testified about the acrimony she felt toward Richardson. Therefore, in light of this Court's reading of the record, we find no error in the trial court's action in allowing the courtroom to be closed to the public during S.W.'s testimony. Accordingly, we affirm.

II. WHETHER THE TRIAL COURT ERRED IN DENYING RICHARDSON'S MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT.
¶ 15. Richardson argues that the trial court erred in denying his motion for a new trial or, in the alternative, motion for a judgment notwithstanding the verdict. Richardson asserts that the State presented insufficient evidence to meet its burden of proof to convict under Mississippi Code Annotated section 97-5-23; thus, the trial court erred in denying his motion for judgment notwithstanding the verdict. Richardson argues, specifically, that the State did not prove beyond a reasonable doubt lustful intent by Richardson in touching S.W. Richardson argues that he had no sexual desires toward the child. Richardson further argues that the State did not prove that there was actual skin on skin contact between Richardson and the child. Richardson also proposes that the weight of testimony at trial should have been weighed in favor of Richardson, and the court abused its discretion in denying the motion for a new trial. The State argues on appeal that the trial court's denial of Richardson's motion for a new trial or, in the alternative, motion for a judgment notwithstanding the verdict was proper.
¶ 16. We address the denial of Richardson's motion for a new trial and JNOV separately.

A. MOTION FOR NEW TRIAL.
¶ 17. In this case, Richardson argues that the trial court erred in denying his motion for a new trial. Therefore, we must determine whether the evidence weighs so heavily against the verdict that the trial court abused its discretion in denying the motion for new trial. Dilworth, 909 So.2d at 737(¶ 20) (citing Howell, 860 So.2d at 764 (¶ 212)). In order for an appellate court to overturn the trial court's denial, "[t]he verdict must be `so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.'" Dilworth, 909 So.2d at 737(¶ 21) (citing Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss. 2005)).
¶ 18. This Court remembers that "[t]he jury is the sole judge of the credibility of witnesses, and the jury's decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict." Parks v. State, 950 So.2d 184, 188(¶ 21) (Miss.Ct. App.2006) (citing Langston v. State, 791 So.2d 273, 280(¶ 14) (Miss.Ct.App.2001)). The Mississippi Supreme Court "has not hesitated to invoke its authority to order a new trial and allow a second jury to pass on the evidence where it considers the first jury's determination of guilt to be based on extremely weak or tenuous evidence[,] even where that evidence is sufficient to withstand a motion for a directed verdict." Dilworth, 909 So.2d at 737(¶ 22) (quoting Lambert v. State, 462 So.2d 308, 322 (Miss. 1984) (Lee, J., dissenting)).
¶ 19. Here, there was testimony from the victim, S.W., that established Richardson *253 touched or poked her "private area," an area that was covered by her panties. Detective Jeff Logan further testified that Richardson made several incriminating statements during their interview, which indicated there was inappropriate touching. These written statements were introduced into evidence. In Richardson's two statements, as established by Detective Logan's testimony, he admitted he rubbed S.W.'s buttocks and that he rubbed his finger down the crack of her buttocks and that he may have accidentally touched her vagina. Additionally, the statements revealed that Richardson acknowledged that he was just trying to see if he could get away with touching S.W. Detective Logan further testified that these statements were willingly given to him during his investigation into the allegations. While Richardson's testimony conflicted with the witnesses for the State, the jury heard all the evidence and testimony and found Richardson guilty. We do not find this to be a case where the jury's verdict goes against the great weight of the evidence. Therefore, we accordingly affirm the trial court's denial of the motion for new trial.

B. MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
¶ 20. Richardson also argues that he should be granted JNOV because there was insufficient evidence to convict him of fondling S.W. A motion for judgment notwithstanding the verdict challenges the sufficiency of the evidence. Dilworth, 909 So.2d at 736(¶ 17) (citing Carr v. State, 208 So.2d 886, 889 (Miss.1968)). Therefore, "if a review of the evidence reveals that it is of such quality and weight that, `having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense,' the evidence will be deemed to have been sufficient." Bush, 895 So.2d at 843(¶ 16) (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 21. Richardson was convicted under Mississippi Code Annotated section 97-5-23 (Rev.2006), which reads in part:
(1) Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent....
The State acknowledges that it had the burden to prove that Richardson, being above the age of eighteen, touched the victim, S.W., a child under the age of sixteen, for the purpose of gratifying his lust, as recited by Smith v. State, 867 So.2d 276, 278(¶ 13) (Miss.Ct.App.2004). The State contends that it presented ample and sufficient evidence to meet its burden, which included: Richardson was over the age of eighteen, that the victim was under the age of sixteen, that S.W. testified that Richardson touched her on her "personal spot," that S.W. testified that her "personal spot" was covered by underwear, which Richardson touched "in the middle." The State argues that it does not matter whether there was actual skin on skin contact between Richardson and S.W.; it is sufficient if the purpose of the touching was for lustful gratification. Further, the State points to Richardson's incriminating statements to police regarding inappropriate touching of S.W. With regard to Richardson's argument that his motion for JNOV should have been granted, the State agues that there was sufficient evidence against Richardson.
¶ 22. Viewing all the evidence before us, including the testimony of the victim, her mother, Detective Logan and the incriminating statements made by Richardson *254 to the police, this Court cannot find that there was insufficient evidence for the jury to convict Richardson of fondling. There is sufficient evidence in the record with which a reasonable juror could determine that the State proved all elements of the State's case to allow the jury to properly convict Richardson.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FONDLING AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TEN YEARS POST-RELEASE SUPERVISION, FIVE YEARS REPORTING AND FIVE YEARS NON-REPORTING, AND A FINE OF $1,000 AND PAYMENT OF $1,000 TO THE MISSISSIPPI CHILDREN'S TRUST FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] This case involves a minor. Therefore, in order to protect her identity, we use initials for her name and her mother's name. S.W. is the minor, and T.M. is the mother.