513 So.2d 877 (1987)
Billy Wayne COLLINS
v.
STATE of Mississippi.
No. 56926.
Supreme Court of Mississippi.
August 26, 1987.
Rehearing Denied October 28, 1987.
Robert H. Broome, Batesville, Thomas J. Lowe, Jr., Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by H.M. Ray, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
PRATHER, Justice, for the Court:
Billy Wayne Collins was convicted in the Circuit Court of Yalobusha County of sexual battery in violation of Miss. Code Ann. § 97-3-95. From that conviction, Collins appeals, assigning as error:
(1) The verdict of the jury was the product of bias and passion and against the overwhelming weight of the evidence.
(2) The trial court erred in admitting numerous issues of Hustler magazine owned by the defendant, which were irrelevant and highly inflammatory.

I.
In August 1984, Tammy T. was eleven years old and was living with her aunt in Coffeeville, Mississippi. On or about August 10, 1984, Tammy and her twelve year old friend, Becky G., were instructed by Tammy's aunt to return a borrowed wrench to their neighbor Billy Wayne Collins.
Collins lived across the street and was in the process of rebuilding his house that had burned. When the two girls arrived at his house at approximately 2:00 p.m., Collins was seated reading a "girlie" magazine. After "flashing" a page of the magazine to the girls, Collins carried the wrench to a shed outside his house.
*878 According to Tammy, Collins told the girls he had something for Tammy's aunt at the shed, so the girls followed. Once inside the shed, Collins showed the girls nude pictures of men and women and subsequently pulled Tammy's shorts and panties down and twice inserted a finger into Tammy's vagina. At the time Collins was touching Tammy, he allegedly told Becky he would shoot her if she moved. After his contact with Tammy, the 315 pound Collins reached to raise Becky's dress, but was allegedly tripped by Tammy. The two girls then ran back to Tammy's house.
There are discrepancies as to how long Tammy waited to tell her aunt of the incident. According to Tammy's aunt, she knew nothing of the events of the afternoon until 1:00 a.m. the following morning when she returned from work. After an initial examination, Tammy's aunt took Tammy to the Yalobusha General Hospital in Water Valley, Mississippi where Dr. Thomas E. Stanford, Jr. performed a pelvic examination and concluded that Tammy had been sexually abused.
Billy Wayne Collins was arrested later that day and charged with sexual battery of Tammy T. in violation of Miss. Code Ann. § 97-3-95.[1] At trial, Collins denied any contact with the two girls other than "patting" Becky who was not named in the indictment. Collins was convicted and sentenced to serve sixteen years in the custody of the Mississippi Department of Corrections. He is presently at liberty on bond.
Did the trial court err in admitting numerous issues of Hustler magazine owned by the defendant?

II.

A.
Following his arrest, Collins gave an oral statement to Sheriff Defer in which he admitted showing nude magazine photographs to the two girls. He did not remember which magazine he showed them, but he stated he could identify the magazine and the pictures if they were shown to him.
Collins executed a consent to search form and Sheriff Defer drove to Collins' house to conduct a search. During the search Sheriff Defer confiscated three Hustler magazines, one Genesis magazine, one Penthouse magazine, and one Playboy magazine.
When the sheriff returned with the magazines, Collins identified "The Best of Hustler" as the magazine he showed the girls and identified the specific pages.
During Collins' trial, over the defendant's objections, all six magazines were introduced into evidence as part of the res gestae of the sexual battery. On appeal, Collins contends the magazines were irrelevant, highly inflammatory, and were introduced into evidence as "a deliberate ploy by the prosecution to unfairly prejudice the jury against the defendant."
To the contrary, the State contends the six magazines were admissible because they were probative of the lustful motives of Collins and his sexual gratification planning which resulted in the sexual battery of Tammy T.

B.

Relevancy and Res Gestae
This Court has held that evidence, to be relevant, must appear calculated to alter the probabilities of some fact of consequence in an action. Mississippi State Highway Commission v. Dixie Contractors, Inc., 375 So.2d 1202, 1205 (Miss. 1979). Likewise, as of January 1, 1986, relevant evidence is defined in our law as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Mississippi Rules of Evidence.
"The determination of relevancy is left to the sound discretion of the trial judge whose determination will not be reversed in the absence of clear abuse." Lambert v. *879 State, 462 So.2d 308, 313 (Miss. 1984); McNeil v. State, 308 So.2d 236, 241 (Miss. 1975).
On a different note, this Court has also held that evidence may be introduced as part of the res gestae[2] of a crime if it was an inseparable part of the entire transaction. Woods v. State, 393 So.2d 1319, 1324 (Miss. 1981).
The admission of res gestae evidence is largely left to the sound discretion of the trial judge. Hemingway v. State, 483 So.2d 1335, 1337 (Miss. 1986).
The primary issue under this assignment of error is whether Collins' possession of six magazines was relevant and/or part of the res gestae of the alleged commission of sexual battery.

C.

"The Best of Hustler Magazine"
Tammy T. testified she saw only one picture in one magazine. The one magazine viewed by Tammy T. and in open view during the alleged sexual battery was identified by Billy Wayne Collins to Sheriff Defer as "The Best of Hustler."
Under existing Mississippi case law, the presence of "The Best of Hustler" magazine may have formed part of the res gestae of the offense. Therefore, this Court holds the trial judge did not abuse his discretion by allowing the introduction of "The Best of Hustler" magazine as part of the res gestae of the alleged sexual battery.

D.

The Other Five Magazines
Five other magazines were introduced into evidence along with "The Best of Hustler." There is no evidence in the record linking the five additional magazines with the alleged sexual battery of Tammy T. They were neither shown to Tammy T. nor viewed by Billy Wayne Collins during the commission of the crime. In fact, they were tucked away inside a desk drawer. The only connection between the five magazines and the alleged crime is that the desk in which the magazines were stored was located inside the shed in which the alleged crime occurred.
This Court holds that the magazines were not probative of any element of the sexual battery, nor were they part of the res gestae of the alleged crime, especially in light of the fact that the one magazine seen by Tammy and viewed by appellant during the alleged act was identified and distinguished from the other five.
The issue becomes whether the introduction of the five magazines was unfairly prejudicial to the point of constituting reversible error. This Court holds they were.
The very nature of the magazines is highly inflammatory. Jurors might have been offended by the magazines because of, in addition to nudity, the sexual explicitness of the photographs, including depictions of homosexuality, and the sacreligious nature of some of the photographs.
The magazines, other than "The Best of Hustler," were neither relevant to any issues in the case nor a part of the res gestae of the crime. They were simply found in a desk drawer in a shed owned by the defendant.
The sole function of the introduction of the five magazines was to inflame the Yalobusha County jurors. For those reasons, this Court holds the conviction of Billy Wayne Collins should be reversed.
REVERSED AND REMANDED FOR NEW TRIAL.
ROY NOBLE LEE, P.J., and DAN M. LEE, ROBERTSON, SULLIVAN, and GRIFFIN, JJ., concur.
WALKER, C.J., HAWKINS, P.J., and ANDERSON, J., dissent.
ANDERSON, Justice, dissenting:
I would agree with the majority in finding that the five magazines not relevant to this incident should not have been introduced *880 into evidence. However, I cannot agree that the admission of such material was so unfairly prejudicial as to constitute reversible error.
The material in question could add little in the way of prejudice to that evidence which under the rules of this court was properly before the jury. In other words, after a showing of the properly admissible "Best of Hustler," all other pictures would fade in comparison or would at best be considered no more than the cumulative equivalent.
In light of the total evidence in this case, I would affirm and respectfully dissent.
WALKER, C.J., and HAWKINS, P.J., join in this dissent.
NOTES
[1] The version of Miss. Code Ann. § 97-3-95 under which appellant was tried, prohibited sexual penetration of a child under twelve years. Effective July 1, 1985, the statute prohibits sexual penetration of a child under fourteen years.
[2] The whole of the transaction under investigation and every part of it.