583 So.2d 965 (1991)
Paul WADE
v.
STATE of Mississippi.
No. 90-KA-0173.
Supreme Court of Mississippi.
July 31, 1991.
*966 Thomas J. Lowe, Jr., M. Charles May, Jackson, for appellant.
Mike C. Moore, Atty. Gen., Pat S. Flynn, Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and McRAE, JJ.
DAN M. LEE, Presiding Justice, for the Court:
On January 10, 1990, in the First Judicial District of Hinds County, Paul Wade was convicted of sexually battering a ten-year-old child, in violation of Miss. Code Ann. § 97-3-95 (Supp. 1990). Mr. Wade was sentenced to fifteen years imprisonment, seven and one-half years suspended with supervised probation for five years upon release. Feeling aggrieved, he appeals, asserting the following as a singular assignment of error:
I. The trial court committed reversible error in admitting sexually explicit pictures owned by the defendant, which pictures were irrelevant and highly inflammatory
Finding the facts and issues in this case are very similar to those in Collins v. State, 513 So.2d 877 (Miss. 1987), we reverse Mr. Wade's conviction, and remand for a new trial.

FACTS
The alleged victim, L.W., and her younger female cousin, L.N., testified that, in March of 1988, they were in a public park with L.W.'s younger brother, E.W. Mr. Wade asked L.W. to have sexual relations with him. L.W. did not respond to this suggestion. Mr. Wade then asked the children if they wanted to look at a "naked" or "nasty" book. They said "yes," and they looked at the book. L.N. then got into Mr. Wade's vehicle, and L.W. and her brother followed their cousin into the vehicle. Mr. Wade drove the children to a vacant lot, and, while still inside the vehicle, he engaged in anal intercourse with L.W. After the intercourse, he returned the children to the park.
At trial, the prosecutor showed L.W. a bag of pictures, and asked, "do you remember pictures in this bag?" L.W. responded, "[h]e didn't show them in the bag. He showed them in a book." This bag of pictures is the questionable evidence at issue. The pictures show nude people displaying themselves in graphic poses, and explicitly engaging in both heterosexual and homosexual acts.
A police officer testified that he arrested Mr. Wade, based upon information given to him by L.W. and L.N. After being arrested, Mr. Wade consented to a search of his vehicle, which yielded the bag of pictures. The prosecution moved to admit the bag into evidence. Defense counsel objected, on the grounds that they were irrelevant and prejudicial, but the objection was overruled, and the bag of pictures was admitted into evidence.
Mr. Wade testified that he did not show the children any pictures, although the children did find and look at a book that was on one of the seats in his vehicle. The children did not see the bag of pictures, because it was underneath one of the vehicle's seats. During a custodial interview, Mr. Wade also said he did not show the children any pictures, but he did admit to having a magazine in his vehicle. At all times, Mr. Wade denied having any sexual contact with L.W.

DISCUSSION
Neither of the child witnesses contended they saw the bag of pictures. Therefore, the issue is whether explicit pictures, which were not seen during a sexual battery, may *967 be properly introduced into evidence. Further, if it was error for the trial court to admit these pictures, we must decide whether the error was so prejudicial as to require reversal.
This exact issue was previously addressed by this Court in Collins v. State, 513 So.2d 877 (Miss. 1987). In that case, while denying a charge of sexual battery, the defendant admitted that he showed pictures in a single magazine to two children. After the defendant was arrested, he consented to a search of his home, where six magazines containing photographs of nude people were found. Although the defendant identified the specific magazine he showed to the children, during the trial all six of the magazines were introduced into evidence. The issue on appeal was whether the magazines were either relevant, or part of the res gestae of the crime. We held that it was proper to admit into evidence the specific materials shown during a sexual battery; however, it was reversible error to admit materials that were not shown, because these materials were neither relevant, nor probative of circumstances surrounding the offense. Rather, their sole function was to inflame the jury. Collins at 879.
Evidence that is either relevant or shows the res gestae of a crime is admissible. Relevant evidence is evidence that tends to show whether a fact of consequence to an action either occurred or did not occur. Collins at 878, citing Mississippi State Highway Commission v. Dixie Contractors, Inc., 375 So.2d 1202, 1205 (Miss. 1979). See also, M.R.E. 401. Evidence is admissible as showing the res gestae of a crime, if the evidence tends to show part of the entire transaction constituting the crime. Collins at 879, citing Woods v. State, 393 So.2d 1319, 1324 (Miss. 1981).
The decision of whether to admit evidence is left to a trial court's broad discretion. Brown v. State, 534 So.2d 1019, 1024-25 (Miss. 1988); Knox v. State, 502 So.2d 672, 674 (Miss. 1987). While these decisions are not lightly overturned, when the improper introduction of evidence prejudices a defendant, it constitutes reversible error. Collins at 879, citing Lambert v. State, 462 So.2d 308, 312 (Miss. 1984); McNeil v. State, 308 So.2d 236, 241 (Miss. 1975).
In this case, the trial court erred in allowing the bag of pictures to be introduced into evidence. Because the children did not see the bag, it was relevant neither to the sexual battery nor to res gestae of the offense. A fact of consequence to the action, as well as part of the res gestae of the crime, was whether the defendant showed the children pictures of nude people. The testimony on this point conflicted, with the children testifying that the defendant showed pictures in a book to them, and the defendant testifying that the children found the book by themselves. However, neither of the two child witnesses testified that they saw, or were shown, the bag of pictures. Thus, the bag had no probative value as to whether the children were shown pictures in a book, or whether they discovered the book by themselves. Therefore, it was error to allow the bag of pictures into evidence.
Having established the bag of pictures was improperly admitted, the question becomes whether the bag was so prejudicial to the defendant as to constitute reversible error. The issue here is identical to that in Collins, which held "[t]he very nature of the magazines is highly inflammatory... . The sole function of the five magazines was to inflame the Yalobusha County jurors." Collins at 879. As in Collins, the jurors in this case may have been offended not only by the explicit nudity shown in the pictures, but also by the graphic depictions of heterosexual and homosexual acts. The jurors may have concluded that because the defendant collected these pictures, he did, in fact, sexually batter L.W. Under these facts, the defendant was prejudiced by the admission of the bag of pictures to such extent that their admission constituted reversible error.
Therefore, under both the facts of this case, and the holding of Collins, we reverse *968 the conviction and remand for a new trial not inconsistent with this opinion.
REVERSED AND REMANDED.
PRATHER, ROBERTSON, SULLIVAN and McRAE, JJ., concur.
HAWKINS, P.J., dissents by separate written opinion, joined by ROY NOBLE LEE, C.J., and PITTMAN and BANKS, JJ.
HAWKINS, Presiding Justice, dissenting:
Upon the authority of Collins v. State, 513 So.2d 877 (Miss. 1987), the majority reverses. Because Collins is clearly distinguishable from this case, I would affirm and respectfully dissent.
In Collins there was a pornographic magazine, "The Best of Hustler," which Collins, the accused, when his house was searched, singled out and identified to the sheriff as the magazine he had previously shown the little girl victims. It was introduced at trial without objection or contradiction as the magazine shown the children.
It so happened that Collins had five other pornographic magazines "tucked away inside a desk drawer," 513 So.2d at 879, but the uncontradicted testimony was that those magazines were never seen by the girls, and had nothing to do with the crime. Except to show the salacious nature of the accused, these five magazines were clearly irrelevant. And, the jury had evidence of this nature from the introduction of "The Best of Hustler."
In this case we have two little girls, L.W. and L.N., ages 10 and 7, respectively, at the time of the commission of the crime, and 12 and 9, respectively, at the time of trial. One described what they were shown as a "naked book" with pictures of "naked" people, and the other described what Wade showed them as a "nasty" book. In calling this a "book," the children could very well have been describing a magazine. The book, or magazine, was there in Wade's station wagon along with the Vaseline and dirty towels, according to the girls.
When he searched the station wagon following Wade's arrest, Officer Dorr did not find a magazine or book, and so the jury did not know precisely what pornographic pictures were shown to the little girls. In Wade's vehicle, however, there was a paper sack under the car seat, and in it were twelve loose sheets (as I have counted them by the exhibit) apparently torn from some magazine, containing photographs of naked women for the most part, but also naked men and naked women together in sexually suggestive poses.
In presenting its case-in-chief, the State had no way of knowing what Wade's testimony would be on defense, or indeed whether he would testify.[1] Therefore, these sheets in the sack, well worn and crumpled, and which the jury could easily determine had been torn from some magazine, or possibly a book of some kind, were admissible physical evidence. They were relevant and corroborative of the fact that Wade indeed had in his possession pornographic pictures, and had shown pornographic pictures of some kind or type to the children. Contrary to Collins, without these pictures the jury would have had no physical evidence of any pornographic material. They were part of the crime scene, and were relevant to Wade's conduct that day and corroborative of the children's testimony just as the towels and jar of Vaseline were.
If Wade's objection had been based upon the fact that the pictures were unnecessarily inflammatory, he was under a duty to object on that ground and the circuit court could thereby have reduced the number shown the jury. McNeal v. State, 551 So.2d 151, 159 (Miss. 1989). Wade objected to any of the pictures being shown to the jury.
Of course, there was no way for the State to know precisely which pictures were shown the children. Only Wade knew that. Yet the State was certainly entitled *969 to show by the physical evidence found in Wade's station wagon that Wade carried pornographic material therein, and that the children's testimony was not a figment of their imagination. The record also shows that the State never attempted to single out these pictures or emphasize them in any way. They were in a paper sack and introduced as Exhibit Number 3 along with exhibits of other objects found in Wade's vehicle.[2]
Admitting these pictures into evidence was so simply and obviously correct that one is embarrassed at the necessity to labor the point. One little girl testified that in his station wagon Wade showed them pictures of "naked" people from a book, the other "nasty" pictures from a book.
Now, this testimony was either a figment of the little girls' imaginations, or it was true.
I would readily concede that there may be any number of motor vehicles which have in them pornographic magazines. Still, I am not ready to concede it is a usual and ordinary practice. We also read that in many cases the sex offender prior to his act shows the victim pictures from pornographic magazines. Collins; Brown v. State, 534 So.2d 1019 (Miss. 1988).
No, we do not know precisely which pictures Wade showed the little girls. We will never know that. Neither do we know if the jar of Vaseline and dirty towels the officers found in the station wagon were the same jar and towels as in the vehicle when the children were victimized.
The question, however, is did he show them any pornographic pictures at all? They testified that he did.
That sack of crumpled, worn pornographic pictures under his car seat is corroborative of the fact that Wade carried such material in his car, and could indeed have shown them pornographic pictures.
Rule 402 of the Mississippi Rules of Evidence instructs us that all relevant evidence is admissible. Rule 401 tells us that "relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable ... than it would be without the evidence."
The sack of pornographic pictures, then, was relevant evidence. This evidence made it more probable that Wade had indeed shown the little girls dirty pictures than that he did not.
It is that simple.
One could just as rationally argue that the jar of Vaseline and dirty towels found in Wade's wagon were inadmissible because there was no way of determining whether these were the same Vaseline and towels in the vehicle used by Wade in committing his crime.

HARMLESS ERROR
Even if by inverted logic one were able to reduce relevancy to the parameter of the point of a cone, almost as far-fetched is the notion that admitting the pictures was reversible error.
This case was tried in 1989, not 1936. The jury which sat in this case did not come from a panel of vestal virgins or monks out of some monastery.
Can the majority be unaware that there must be at least 150 filling stations and corner drive-ins in Hinds County which sell pornographic magazines, each full of pictures such as Wade possessed? They are on open display behind the cashier's counter, and all you have to do to get one is pay an exorbitant price. Can this Court be unaware that for an extra charge x-rated movies can be seen in any motel?
Can the majority actually believe a jury of twelve men and women can be selected unaware of the wide-open commerce in pornographic materials? Literally thousands of these magazines must be sold each year in Hinds County.
There is no way for me or the majority to know whether the jurors who sat on this *970 case approved or disapproved of selling or possessing pornographic pictures. I will concede my guess  and guess is all I can do  that most of them would not care to purchase or possess any such magazine. But to suggest that any fair-minded juror would be inclined to send a man to a penitentiary and for years wear prisoner's stripes simply because in his car there were several sheets of pornographic pictures from some magazine is a discredit to his or her intelligence, integrity and fairness.
"Harmful" evidence is not an abstraction but tied to life's experience, and must be recognized by members of the judiciary who know something about people living in everyday life.
This Court will find itself the subject of sardonic humor if we find prejudicial error here.
ROY NOBLE LEE, C.J., and PITTMAN and BANKS, JJ., join this opinion.
NOTES
[1] When Wade had been questioned by the law enforcement officers, he denied showing the girls any magazine.
[2] The assistant district attorney prosecuting this case spent an extended tour of duty as a clerk for this Court, a perfect training ground for learning special solicitude for the rights of an accused in a sexual abuse case.