McMILLIN, C.J.,
For The Court.
¶ 1. John Kornegay was convicted by a Hinds County Circuit Court jury of the crime of possession of a firearm by a convicted felon. Kornegay has appealed that conviction, urging that it be reversed on two grounds. First, he alleges that he was improperly denied a continuance based on his belated receipt of discoverable information from the prosecution. Secondly, he urges his entitlement to a new trial on the ground that the verdict was against the weight of the evidence. Neither issue has merit and we, therefore, affirm the conviction.
*407 I.
Facts
¶ 2. The State’s version of events, presented through its witnesses, was as follows: Kornegay was stopped while driving his vehicle after he was observed to be driving in a somewhat erratic manner. The officer, in the course of investigating regarding his suspicion that Kornegay may have been under the influence of intoxicants, inquired as to whether Kornegay had a firearm in the vehicle. The officer testified that the inquiry was solely for the purpose of insuring his safety during the course of the inquiry. Kornegay stated that there was a gun concealed in the vehicle and, in fact, a pistol was subsequently recovered from the vehicle in close proximity to the driver’s seat. Because the officer continued to believe that Korne-gay might be intoxicated, Kornegay was transported by investigating officers to be asked to submit to an intoxilyzer test. Subsequent investigation revealed that Kornegay had a prior felony conviction and, as a result, he was indicted for firearm possession by a convicted felon.
¶ 3. Kornegay’s defense, as presented by his own testimony and that of a cousin, was that the cousin had been driving the vehicle earlier in the day and that the firearm belonged to the cousin. The cousin testified that he had concealed the weapon and subsequently forgotten to retrieve it or to alert Kornegay to its presence.
¶ 4. The issue of Kornegay’s guilt in the face of this conflicting evidence was submitted to the jury. The jury returned a verdict of guilty.
II.
Continuance
¶ 5. On the date of trial Kornegay’s counsel had replaced an earlier attorney. The State had furnished discovery to the first attorney but did not furnish duplicate discovery material to the new attorney. The prosecutor’s office had a standing policy that, when a defendant changed attorneys, the prosecution did not customarily directly furnish the new attorney with discovery material, but, instead, required the attorney to obtain that material from the former counsel.
¶ 6. There was, in this case, some confusion in the matter of discovery arising out of the fact that Kornegay had two outstanding charges against him for possession of a firearm as a convicted felon. The separate charges were unrelated and arose on different dates. According to representations made by the prosecuting attorney, all discoverable evidence as to both charges was provided to Kornegay’s original attorney. However, on the morning of trial, the replacement counsel said that all that he had received from the attorney he replaced was information relating to the separate charge not set for trial. The attorney indicated that he had not discovered the error until substantially late in the day because he had an understanding that the case was going to be continued by agreement and was not informed until shortly before the trial date that the State would not agree to continue the case.
¶ 7. Defense counsel represented to the court that this set of circumstances prevented him from adequately preparing a defense. Though it is not entirely clear that the State was responsible for the fact that the defense did not have the proper discoverable evidence, the trial court essentially treated the matter as a discovery violation and stated that the court would proceed to seat a jury but would delay the beginning of the trial until 1:00 p.m. that afternoon to give defense counsel time to review the recently-furnished discovery *408 material. Defense counsel announced ready to proceed with trial at 1:00 p.m.
¶ 8. The rules relating to discovery in criminal matters provide rather clear-cut procedures that include directions for handling discovery violations. URCCC 9.04. The rules necessarily vest the trial court with substantial discretion in dealing with such matters. Gray v. State, 799 So.2d 53, 60 (¶ 26) (Miss.2001). The evident purpose of the rules is to permit a case to proceed to conclusion expeditiously, even in the face of discovery problems, when there is a viable alternative to a substantial delay that preserves the fundamental rights of the parties. Thus, in the face of a claim of late discovery, the court’s first step is to provide counsel a reasonable opportunity to review the information and, hopefully, to devise a trial strategy to meet the previously-undisclosed evidence. It is incumbent upon a defense attorney believing, after an examination of the evidence, that additional time beyond that allotted by the court is necessary to adequately prepare to meet the evidence to so inform the court. URCCC 9.04(1.).
¶ 9. In this case, defense counsel was given time to review the information and trial commencement was delayed, albeit for only a short time, to accommodate that purpose. After being afforded that opportunity, defense counsel did not actively seek further delay in the trial or otherwise seek to inform the court as to the nature of the newly-disclosed evidence that would prejudice the defense were it not afforded more time to prepare to meet it. Neither has Kornegay in his brief to this Court done anything to inform us of the nature of the evidence furnished in discovery so that we could make an informed determination as to whether the trial court erred in forcing Kornegay to trial without' more time to prepare to deal with that evidence.
¶ 10. The facts of the case were straight-forward and the State’s proof was uncomplicated and, on its face, apparently free from any surprising twists. It consisted entirely of the testimony of the two officers who were at the scene when Kor-negay’s vehicle was stopped.
¶ 11, In these circumstances, this Court is unconvinced that Kornegay was denied a fundamentally fair trial strictly because his counsel did not receive the State’s discovery material at some earlier point in the prosecution of this case.
III.
Weight of the Evidence
¶ 12. Kornegay’s motion for a new trial based on a claim that the verdict was against the weight of the evidence was denied by the trial court. The trial court is afforded the authority to grant such a motion when, in the discretion of the court, to permit the verdict to stand would constitute a manifest injustice. Collier v. State, 711 So.2d 458, 461 (¶ 12) (Miss.1998). Kornegay now asserts that the trial court abused its discretion in ruling as it did. In that situation, our obligation is to evaluate all the evidence in the light most favorable to upholding the verdict, keeping in mind that the jury is charged to resolve essential questions of fact when the evidence bearing on such issues is disputed. Maldonado v. State, 796 So.2d 247, 253-4 (¶ 17) (Miss.Ct.App.2001). Based upon such a review, we may intercede and order a new trial only if we are satisfied that the trial court abused its discretion in denying the new trial motion. Id. at 253 (¶ 16).
¶ 13. ’ In this case, there was ample evidence to support a verdict of guilty. It is the duty of the jury to assess the credibility of the various witnesses and to decide the worth of the testimony of a particular witness. Hester v. State, 753 So.2d 463, 466 (¶ 8) (Miss.Ct.App.1999). In or *409 der to acquit in this case, the jury would have had to give substantial credence to the testimony of Kornegay’s cousin. His testimony was essentially that, in the short time he had possession of Kornegay’s vehicle, he went home, retrieved an admittedly-expensive firearm, concealed it in the vehicle as a precaution for his own “protection” against an unspecified danger, and then promptly forgot that he had done so. We do not find this witness’s testimony so compelling as to hold that the jury acted arbitrarily and capriciously in rejecting it completely — as it clearly did by virtue of its verdict. That being the case, there is no basis to find the verdict against the weight of the evidence.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ„ concur. IRVING, J., not participating.