GRIFFIS, P.J., FOR THE COURT:
¶ 1. Thomas Earl Gabriel appeals his conviction of child molestation and argues that the trial court erroneously admitted into evidence his statement to the police. Because we find the statement was neither relevant, nor probative, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 2015, Gabriel lived with his wife Ann, Ann's daughter Ashley, and Ashley's three young children. On March 5, 2015, Ashley was changing her son's diaper when her four-year-old daughter Amber[1] indicated that Gabriel had touched her inappropriately. Specifically, Ashley stated she was changing her son's diaper, "when he reached down and grabbed himself." Ashley then heard Amber say, "Eww, he's touching himself the way Pawpaw[2] touches me." Ashley immediately checked Amber's vaginal area and noticed it was "very red," so she took Amber to the hospital for an examination. A physician determined that Amber's symptoms were consistent with sexual molestation.
¶ 3. Investigators with the Warren County Sheriff's Department went to the hospital and interviewed Ashley. Both Ashley and the investigators were aware *60 of Gabriel's prior conviction of child molestation in Texas and his subsequent registration as a sex offender. After leaving the hospital, the investigators went to Gabriel's home. Gabriel's wife Ann had a police scanner and knew law enforcement was on the way to their house. As a result, Gabriel took a shower.
¶ 4. The investigators arrived and saw Gabriel, freshly showered, standing outside. As the investigators approached Gabriel, he turned and placed his hands behind his back. The officers advised Gabriel that he was not under arrest but went ahead and read Gabriel his Miranda rights.[3] Gabriel voluntarily waived his rights and spoke to the officers. He also consented to a search of his home. During the search, Gabriel verbally consented to the seizure of his computer and computer equipment. Before leaving, the officers asked Gabriel if he would be willing to meet officials at the police station in order to give a recorded statement. Gabriel agreed.
¶ 5. Prior to the recorded interview, Gabriel was again advised of his Miranda rights, and he provided a verbal and written waiver of those rights. He also read and signed a list of all items seized from his house during the consensual search.
¶ 6. During the interview, Gabriel denied the allegations Amber made and openly discussed various topics. Specifically, Gabriel discussed his prior conviction of child molestation as well as his sexual activity with his wife, including experimentation with bondage. Gabriel stated he would oftentimes play video games on his computer and would allow Amber to sit on his lap while he played those games. Gabriel further stated that he smokes marijuana and watches adult pornography. He explained that while watching adult pornography, child pornography would occasionally "pop up."
¶ 7. Ashley took Amber to the Child Advocacy Center, where a forensic interview was conducted by Tami Wallgren. During the interview, Amber advised that Gabriel touched her with his hand and finger. When asked to identify on a drawing where Gabriel touched her, Amber circled the "butt" and the "female genitals." Amber indicated that it had happened on more than one occasion and had occurred upstairs on Gabriel's bed. Ms. Wallgren opined that Amber's responses and demeanor were consistent with a child who has been sexually abused.
¶ 8. Gabriel was subsequently arrested and indicted on the charge of Count I, sexual battery, and Count II, child molestation. The indictment was amended to charge Gabriel as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2014).
¶ 9. Prior to trial, Gabriel moved to exclude his recorded interview with the investigators. Following a hearing on the motion, the circuit court denied the motion. Specifically, the circuit court found:
Although [Gabriel] did not confess to the crime with which he is charged, he made many incriminating statements. However, the parties have not presented any case law which says that prejudicial statements made by [Gabriel] should be excluded if [Gabriel] was properly advised of and waived his Miranda rights.
¶ 10. At trial, the recorded interview was admitted into evidence and played for the jury, despite Gabriel's continued objection. It is undisputed that no child pornography was found on Gabriel's computer, and he was not charged with any computer-related or drug-related offenses.
*61 ¶ 11. Amber testified at trial that Gabriel "rub[bed] his private on [hers]." She explained that her clothes, including her underwear, were on at the time and that Gabriel did not take off her clothes. Amber further testified that Gabriel did not use his hand, fingers, or any other part of his body to touch her.
¶ 12. Gabriel was convicted of Count II, child molestation, and was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections as a habitual offender pursuant to section 99-19-81. Gabriel was further ordered to register as a sex offender upon his release from incarceration.
¶ 13. Gabriel now appeals and argues the trial court erroneously admitted "[his] statement to [the] police, which contained inadmissible[,] irrelevant[,] and prejudicial evidence."
STANDARD OF REVIEW
¶ 14. "This Court reviews the trial court's decision to admit or exclude evidence under an abuse of discretion standard of review." Smith v. State , 986 So.2d 290, 295 (¶ 12) (Miss. 2008). "A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence." Jefferson v. State , 818 So.2d 1099, 1104 (¶ 6) (Miss. 2002) (quoting Hughes v. State , 735 So. 2d 238, 270 (¶ 134) (Miss. 1999) ). "Unless the judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse this ruling." Id.
ANALYSIS
¶ 15. "Before evidence is admitted at trial, it must first be relevant." Brown v. State , 825 So.2d 70, 73 (¶ 7) (Miss. Ct. App. 2002) (citing M.R.E. 401 ). Pursuant to Mississippi Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the case." Under Mississippi Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confus[ion] of the issues, misleading [of] the jury, undue delay, wast[e] [of] time, or needless[ ] present[ation] [of] cumulative evidence."
¶ 16. Here, the trial court acknowledged that Gabriel "made many incriminating statements" that were prejudicial but allowed the prejudicial statements to be admitted into evidence since Gabriel "was properly advised of and waived his Miranda rights." However, such waiver does not negate the rules of evidence. In other words, regardless of such waiver, in order for evidence to be admitted, it must be relevant and probative, as required by Rules 401 and 403 of the Mississippi Rules of Evidence.[4]
¶ 17. Gabriel argues the statements at issue were irrelevant and/or highly prejudicial. We agree. Although Gabriel acknowledged that he watched adult pornography and that child pornography would occasionally "pop up," there was no child pornography found on his computer. Moreover, there is no evidence that Amber saw the pornography, either the adult or the child pornography. While Gabriel stated Amber would sometimes walk in and stand behind him while he was on the computer, there is no evidence in the record to suggest that she actually saw any pornography, *62 nor is there evidence Gabriel showed it to her.
¶ 18. In Wade v. State , 583 So.2d 965, 966 (Miss. 1991), the defendant was convicted of sexual battery. During trial, a bag of pictures found in the defendant's vehicle was admitted into evidence. Id. The pictures showed "nude people displaying themselves in graphic poses, and explicitly engaging in both heterosexual and homosexual acts." Id. On appeal, the court determined that "the trial court erred in allowing the bag of pictures to be introduced into evidence." Id. at 967. The court found that "[b]ecause the children did not see the bag, it was relevant neither to the sexual battery nor to res gestae of the offense." Id. The court further found the pictures were "highly inflammatory" and explained that "[t]he jurors may have concluded that because the defendant collected these pictures, he did, in fact, sexually batter [the child]." Id. The court concluded that the defendant was prejudiced by the admission of the bag of pictures to such extent that their admission constituted reversible error. Id.
¶ 19. Here, as in Wade , Gabriel's statements regarding pornography were highly inflammatory, especially in light of the fact that no child pornography was found on his computer and no pornography in any form was seen by Amber. As in Wade , the jury may have concluded that because Gabriel watches pornography, which may have included child pornography "pop ups," he did, in fact, sexually molest Amber. Yet, the record is clear that Gabriel was not charged with any computer-related offense and not charged with the possession or distribution of child pornography. When asked by defense counsel why he thought the State wanted to talk so much about pornography, Gabriel stated, "[b]ecause it makes me look bad."
¶ 20. We agree with Gabriel. The admitted statements regarding pornography were not relevant under Rule 401 to the charges brought against Gabriel. Moreover, even if these statements were considered to be relevant, the probative value was substantially outweighed by a danger of unfair prejudice, confusion of the issues, or the possibility of misleading the jury.
¶ 21. Further, evidence of Gabriel's sexual activity with his wife, including their experimentation with bondage, was neither relevant nor probative to any issue. Such consensual sexual activity between adults is not illegal. In addition, evidence of whether Gabriel smoked marijuana, was addicted to marijuana, or purchased marijuana was neither relevant nor probative to whether Gabriel molested Amber. The State focused much of its cross-examination on Gabriel's marijuana use. Such evidence was simply not relevant to the issues involved in this case; Gabriel was not charged with any drug-related offense.
¶ 22. The State cites no case that allows for the admission into evidence of a criminal defendant's interview with law enforcement simply because the defendant was read his or her rights under Miranda . Therefore, we find that the trial court abused its discretion in the admission of the full recorded interview; but we recognize that there were parts of the interview that are or may be admissible into evidence. Therefore, we reverse Gabriel's conviction and remand this case for a new trial.
¶ 23. REVERSED AND REMANDED.
LEE, C.J., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., AND CARLTON, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.

For privacy purposes, we substitute a fictitious name for the minor child.

The record reflects that Amber refers to Gabriel as "Pawpaw."

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The circuit court relied on Ruffin v. State , 992 So.2d 1165 (Miss. 2008), wherein the court found that Miranda rights apply not only to confessions but to any incriminating statements. However, it appears the incriminating statements at issue in Ruffin were related to the charged offenses.